**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BINOD J. KUNWAR,
Appellant,

v.

DEPARTMENT OF COMMERCE,
Agency.

DOCKET NUMBER
DC-0432-21-0201-I-1

DATE: April 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew E. Hughes, Esquire, Fairfax, Virginia, for the appellant.

Taron Murakami, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown for the delay in filing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the length of the filing delay and to address the appellant's arguments raised on review, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Patent Examiner with the agency's Patent and Trademark Office. Initial Appeal File (IAF), Tab 1 at 7, 11. On December 3, 2020, the agency issued a decision affirming its proposal to remove him for unacceptable performance, effective December 4, 2020. *Id.* at 7. The decision letter informed the appellant of his right to file an appeal with various agencies, including the Board, and further notified him that any Board appeal must be filed within 30 days of the effective date of the action, or 30 days after his receipt of the decision, whichever is later. *Id.* at 8-9. On January 28, 2021, the appellant filed a Board appeal. *Id.* at 1-3. He argued that he was unable to timely file an appeal due to a delay in his receiving the Standard Form 50 (SF-50) associated with his removal. *Id.* at 5.

The administrative judge notified the appellant that his appeal appeared untimely and informed him of his need to demonstrate either that his appeal was timely filed or establish good cause for a waiver of the filing deadline. IAF, Tab 4 at 1-4. The appellant responded, seemingly requesting an extension of his

deadline to respond on the timeliness issue while he sought representation. IAF, Tab 6 at 3.

Without responding to the appellant's request for an extension, the administrative judge issued an initial decision dismissing the appeal as untimely filed.[2] IAF, Tab 8, Initial Decision (ID) at 1. The administrative judge found that the appeal was untimely filed by 25 days and that the appellant failed to establish good cause for his untimely filing. ID at 4-5.

The appellant has filed a petition for review, arguing both that his appeal was timely filed and that good cause existed for waiving the deadline to file. Petition for Review (PFR) File, Tab 1 at 4-6. The agency has responded to his petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's initial appeal was untimely filed.</u>

The Board's regulations provide that a removal appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency decision, whichever is later. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 13 (2016); 5 C.F.R. § 1201.22(b)(1). The appellant received the agency's removal decision on December 3, 2020, and that decision stated that his removal would be effective December 4, 2020. IAF, Tab 1 at 5, 7; PFR File, Tab 1 at 3. Thus, any Board appeal was due by January 4, 2021.[3] The appellant submitted his appeal on January 28, 2021, and we find his appeal was untimely filed by 24 days.[4] IAF, Tab 1.

---

[2] To the extent the administrative judge erred in denying the appellant's request for an extension of time to respond on the timeliness issue, we find that the appellant was able to fully respond to the issue, with the aid of counsel, in his petition for review. Thus, any such error was harmless. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

[3] Because the 30th day after the effective date of the removal was a Sunday, his appeal was due the next workday. *See* 5 C.F.R. § 1201.23.

The appellant suggests that his appeal was timely filed because he filed it within 30 days from the receipt of his SF-50, the last document he received associated with the removal decision. PFR File, Tab 1 at 3-6. We disagree. The agency's decision letter correctly informed him that he must file a Board appeal within 30 days of the effective date "or 30 days after the date you receive *this decision*, whichever is later." IAF, Tab 1 at 9 (emphasis added). Under the Board's regulations, the date of the appellant's receipt of an SF-50 documenting his removal is irrelevant to determining the time limit for filing an appeal. *See* 5 C.F.R. § 1201.22(b)(1).

<u>The appellant has failed to establish good cause for a waiver of the filing deadline.</u>

To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Pirkkala*, 123 M.S.P.R. 288, ¶ 13. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Id.*

Despite the appellant's pro se status at the time he filed his appeal, the 24-day delay was not minimal. *See Rothlisberger v. Department of the Army*, 113 M.S.P.R. 450, ¶ 7 (2010) (finding a 14-day delay in filing was not minimal, even considering the appellant's pro se status). The appellant contends that the agency delayed in providing him the SF-50 associated with his removal, which contributed to his untimely appeal. PFR File, Tab 1 at 5. Although the receipt of his SF-50 was out of his control, there is nothing in the record to support the

---

[4] The initial decision mistakenly states that the appeal was untimely by 25 days. ID at 4. This error is immaterial to the outcome because we find that the appeal was untimely with no good cause shown regardless of whether the delay was 24 or 25 days.

appellant's belief that he needed the SF-50 prior to filing an appeal. ID at 4. We find that the appellant has failed to make even a nonfrivolous allegation that the agency misled him in this regard or otherwise discouraged him from filing an appeal until he had the SF-50.[5] PFR File, Tab 1 at 3, 5-6. The Board's regulations provide that, "if available," an SF-50 should be included with an initial appeal, but an appellant should not miss the filing deadline "merely because he or she does not currently have all of the documents" to include with the appeal. 5 C.F.R. § 1201.24(a)(7). As discussed above, the appellant had the agency's decision letter and knew the basis for his removal, his appeal rights, and the time limit for filing a Board appeal by the time he was removed. Under all the circumstances, we conclude that the appellant's arguments regarding his SF-50 do not establish good cause for his untimeliness. *See Paradiso v. Department of the Army*, 65 M.S.P.R. 324, 327-28 (1994) (holding that the appellant was not entitled to an extension of the filing deadline in order to wait for the SF-50 documenting the agency's action), *aff'd sub nom. Paradiso v. Merit Systems Protection Board*, 61 F.3d 919 (Fed. Cir. 1995) (Table).

The appellant also asserts that good cause exists for waiving the time limit because, on December 15, 2020, he emailed his supervisor disputing his removal and requesting his supervisor review his situation; he claims this email should be deemed a misdirected but timely Board appeal of his removal. PFR File, Tab 1 at 5, 9 (citing *King v. Department of Justice*, 81 M.S.P.R. 435 (1999)). Generally, an appellant's failure to follow explicit filing instructions does not

---

[5] Thus, we find that the precedent cited by the appellant, *Horton v. Department of the Navy*, 105 M.S.P.R. 332 (2007), is distinguishable. PFR File, Tab 1 at 5-6. In *Horton*, the Board found that the time for filing an appeal was appropriately calculated from the date of the appellant's actual receipt of a copy of the decision notice in part because the agency failed to comply with the appellant's request to email the decision to him if it were to be issued while he was overseas. *Horton*, 105 M.S.P.R. 332, ¶ 11 & n.5. In contrast, there is no question that the appellant here timely received the decision letter and he has failed to make a nonfrivolous allegation of any improper agency action that reasonably could have led to his alleged decision to delay filing until he possessed the SF-50 documenting his removal.

constitute good cause for any ensuing delay. *See, e.g.*, *Sanford v. Department of Defense*, 61 M.S.P.R. 207, 209 (1994). Nevertheless, the Board has found good cause for an untimely filed appeal if an appellant files the appeal with the employing agency within the regulatory filing time limit and then files with the Board as soon as he learns of his mistake, and if the agency does not establish that any prejudice would result from waiver of the time limit. *E.g.*, *Daniel v. Department of the Treasury*, 61 M.S.P.R. 249, 251 (1994); *Sanford*, 61 M.S.P.R. at 209-10; *see also King*, 81 M.S.P.R. 435, ¶ 7 (concerning a similar principle in cases involving a misdirected appeal to the Office of Personnel Management (OPM) or an agency acting under a delegation of authority from OPM). We conclude, however, that the appellant has failed to establish that this principle applies to the circumstances of this appeal for the following reasons.

The appellant's email did not represent a clear intention to file a Board appeal. For example, the agency's removal decision informed the appellant of his right to file an appeal of the agency's action with several entities, of which the Board was just one. IAF, Tab 1 at 8. The appellant's email did not reference the Board, and he has not established how the email can be read to intend a Board appeal as opposed to the other available avenues of recourse. PFR File, Tab 1 at 9. Furthermore, the email was sent to the appellant's supervisor, who was not involved in either the proposed removal or the removal decision. IAF, Tab 7 at 13, 29. The appellant does not explain how this individual would have known of the appellant's intention to file a Board appeal with this email. Finally, the argument that this email amounted to a Board appeal is belied by the appellant's other argument that he was waiting to file a Board appeal until he received a final SF-50 from the agency. IAF, Tab 1 at 5; PFR File, Tab 1 at 5. If the appellant indeed was waiting to receive the SF-50 before he filed an appeal, as he argues he was, he could not have intended this email to have been a Board appeal when he had not yet received the SF-50. Therefore, we find that this email did not

represent a clear intention to file a Board appeal and it did not amount to a misdirected attempt to file a Board appeal.

Having considered the appellant's arguments and the record in this matter, we find that the appellant has not shown that he exercised due diligence or ordinary prudence in filing his Board appeal. We find no material error in the initial decision, and we dismiss the appeal as untimely by 24 days with no good cause shown for the delay.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____

*Gina K. Grippando*

          Gina K. Grippando
          Clerk of the Board

Washington, D.C.